**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4036**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PIERRE LAMAR EZEKIEL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00194-WO-1)

Submitted:  July 18, 2019                                           Decided:  July 22, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre Lamar Ezekiel appeals from the 32-month sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Ezekiel argues that his sentence is procedurally unreasonable because the court applied a four-level sentencing enhancement because he possessed a firearm with a removed serial number. U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B) (2018). Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, such as improperly calculating the Sentencing Guidelines range. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (citations omitted). When evaluating a challenge to a sentencing enhancement, we review the district court's factual findings for clear error and legal conclusions de novo. *Id.*

The Guidelines direct a court to apply a four-level enhancement where the defendant possessed a firearm with an altered or obliterated serial number. USSG § 2K2.1(b)(4)(B). Such an enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG § 2K2.1 cmt. n.8(B). We conclude that Ezekiel reads § 2K2.1(b)(4)(B) too restrictively in suggesting that a serial number that has been removed in its entirety has not been altered or obliterated. A serial number that has been removed is "no longer legible and conspicuous," which is the offense characteristic contemplated by USSG

2

§ 2K2.1(b)(4)(B).  *See United States v. Harris*, 720 F.3d 499, 502 (4th Cir. 2013).  We therefore find that the court properly applied the enhancement.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*